Welch, J.
INTRODUCTION
The plaintiffs, Anglo American Insurance Company, Ltd., Terence Robert Douglas, on his own behalf and as representative Underwriter on behalf of certain Underwriters at Lloyd’s London, Assicurazioni Generali SpA, Lexington Insurance Company, Turegum Insurance Company, and Reliance National Indemnity Company, f/k/a Planet Insurance Company (“the underwriters”), bring this action seeking to recover a portion of the settlement monies previously advanced to the defendant, Metcalf & Eddy, Inc. (“Metcalf’), in settlement of an outstanding claim. The underwriters allege that a major portion of Metcalfs liability arising from the claim concerned allegations of negligence which were not covered under the underwriters’ policies because they either alleged fraud or related to negligent acts which predated the retroactive date set in the policies. Accordingly, the underwriters are seeking to have a Massachusetts court determine the extent to which the claims in the underlying lawsuit are or are not covered under the policies, and the alleged extent to which Metcalf and the original claimant conspired to defraud the policies by way of a collusive settlement agreement. This case is presently before the court on Metcalfs motion to dismiss the underwriters’ complaint on the basis of forum non conveniens. Metcalf alleges that Massachusetts has no substantial ties or interest in deciding this dispute, and that the matter is more suitably heard in New Jersey. For the reasons set forth below, Metcalfs motion is allowed.
*690 BACKGROUND
The following facts are taken from the plaintiffs’ complaint and from affidavits and declarations submitted in relation to defendant’s motion to dismiss:
The Anglo American Insurance Company, Ltd., Terence Robert Douglas, on his own behalf and as representative Underwriter on behalf of certain Underwriters at Lloyd’s London, Assicurazioni Generali SpA, and the Turegum Insurance Company are citizens of foreign states and subscribed in proportionate parts certain Architects and Engineers Professional Liability insurance policies to the defendant Metcalf. The insurance policies at issue are apparently New Jersey contracts, negotiated, issued and delivered in New Jersey.
The Lexington Insurance Company is a Delaware corporation and Reliance National Indemnity Company, f/k/a Planet Insurance Company, is a Wisconsin corporation with a principal place of business in Philadelphia, Pennsylvania, and each did also issue professional liability policies to the defendant Metcalf in New Jersey.
Metcalf is a Delaware corporation in the business of rendering engineering services, and was the named insured under the Architects and Engineers Professional Liability insurance policies at issue in this lawsuit. Metcalf has geographical headquarters nationwide, in Branchburg, New Jersey; Itasca, Illinois; Wakefield, Massachusetts; Palo Alto, California; and Sunrise, Florida. Metcalfs parent company is Air & Water Technologies Corporation, headquartered in New Jersey.
The underlying claim is based upon a series of three New Jersey contracts between Metcalf and a New Jersey engineering client. On November 30, 1983, the Pollution Control Financing Authority of Warren County, New Jersey (“Warren County”) entered into a siting contract with Metcalf to perform engineering services in connection with the siting of a landfill in New Jersey. On June 26, 1985, Warren County and Metcalf entered into a second contract, to perform design engineering services in connection with the same landfill. On March 2, 1988, Warren County and Metcalf entered into the third contract, for engineering and supervision services during the construction of the landfill.
On May 17, 1991, Metcalf filed a lawsuit entitled, Metcalf & Eddy, Inc. v. Pollution Control Financing Authority of Warren County in the United States District Court for the District of New Jersey, civil action number 91-2252 (“the federal action”), seeking recovery of outstanding contractual fees from Warren County. Metcalf was represented by a New Jersey law firm in addition to in-house counsel of its parent company. In June 1991, Warren County filed nine counterclaims for damages to the site in New Jersey, all of which referred to the siting contract as a basis for liability.
Metcalf sought coverage for these counterclaims from the underwriters under its Architects and Engineers Professional Liability Insurance policies. Included within the Primary Policy was Addendum No. 2, which provides that the underwriters will not be liable to make any payment for a claim arising out of any negligent act, error or omission committed or alleged to have been committed prior to August 1, 1985 (“the retroactive clause”).
On May 30, 1991, Warren County filed a lawsuit entitled Pollution Control Financing Authority of Warren County v. Metcalf & Eddy, Inc. in the Superior Court of the State of New Jersey, civil action number L-362-91 (“the state court action”), alleging improper siting, design and construction of the landfill. This action was removed to the federal court in New Jersey and consolidated with the prior federal court action. Like the federal action, the parties employed New Jersey counsel and New Jersey experts.
After litigating their dispute for over three years in New Jersey, Warren County and Metcalf entered into a “Memorandum of Understanding” and then a “Final Settlement Agreement and Mutual Release.” While one litigation and settlement status report was sent to the Metcalf offices in Massachusetts, all negotiations took place in New Jersey, monitored by United States Magistrate Judge Hughes. This settlement resulted in Metcalf agreeing to pay $8.7 million in cash to Warren County, to provide Warren County with “in-kind” services valued at $1 million, to forego any alleged outstanding fees of approximately $400,000, and to exchange mutual releases of all claims between the parties. In exchange, Warren County agreed to abandon any and all claims or causes of action “sounding in fraud or arising from or related to the Siting Contract” and that none of the $8.7 million offered by Metcalf was in settlement of those claims. The settlement purported to relate only to the design and construction contracts, such that any wrongful act by Metcalf would have occurred after August 1, 1985.
Metcalf made demand on the underwriters for 100% of the settlement, which the underwriters were required to pay. However, the underwriters reserved their rights to pursue recovery from Metcalf for that portion of the amount advanced for which coverage under the Primary and Excess Policies would not apply. Accordingly, the underwriters filed this action in Massachusetts, challenging the settlement apportionment, in Massachusetts on August 10, 1995. Thereafter, Metcalf filed a parallel action in New Jersey and then filed this motion to dismiss on the basis of forum non conveniens.
DISCUSSION
G.L.c. 223A, §5 provides that, “When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just.” The decision to refuse to *691 hear a case on the ground of forum non conveniens is left to the discretion of the trial or motion judge. W.R. Grace & Co. v. Hartford Accident & Indem. Co., 407 Mass. 572, 577 (1990); Kearsarge Metallurgical Corp. v. Peerless Ins. Co., 383 Mass. 162, 168 (1981); New Amsterdam Cas. Co. v. Estes, 353 Mass. 90, 95 (1967). Dismissal on the ground of forum non conveniens will rarely be granted; “unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed." W.R. Grace & Co., supra at 578; Kearsarge Metallurgical Corp., supra at 169; Estes, supra at 95. Dismissal can be justified only if there is another forum apparently available for the resolution of the dispute. W.R. Grace & Co., supra at 579. Whether to dismiss an action under this doctrine cannot be decided by applying a universal formula, and depends greatly on the specific facts of the proceeding before the court. Id. at 577.
The court will decide whether to invoke its equity powers to dismiss a case by analyzing various private and public factors surrounding a given case. Id. at 578; Estes, supra at 95. The private factors to be considered include the following: access to the sources of proof relevant to the trial; availability of compulsory process for witnesses; the cost of obtaining attendance of witnesses; and the practicality of a view of the premises. W.R. Grace & Co., supra at 578; Estes, supra at 95. Factors of public interest to be considered include the following: any administrative burdens upon the selected court; the local interest in having localized controversies decided at home; the burden upon a jury pool to hear cases detached from their local interests; and the state law which will govern the proceedings. W.R. Grace & Co., supra at 578; Estes, supra at 95-96.
The issue in the case at bar is whether, after careful consideration of all of the above enumerated factors, Massachusetts has sufficient ties to this dispute such as to preserve the underwriters’ choice of forum. After careful review of the plaintiffs’ complaint and the submitted evidence on the forum issue, this court concludes that Massachusetts does not have sufficient ties to this dispute such that justice would be served by a trial in the Commonwealth. While a motion to dismiss for reasons of forum non conveniens is rarely granted, this appears to be that exceptional case.
The insurance contracts at issue were negotiated, executed and delivered in New Jersey. The broker involved in negotiating the policies was located in New Jersey. Metcalfs parent corporation who negotiated the policies on behalf of Metcalf was located in New Jersey. While the named insured is Metcalf, at their offices in Wakefield, Massachusetts, it is merely a New Jersey contract issued to a Massachusetts party.[2]
New Jersey law will likely govern this dispute. Because the insurance policies were executed in New Jersey, a Massachusetts court would likely have to apply New Jersey substantive law to decide issues concerning them.[3] While a Massachusetts court could competently apply New Jersey substantive law to this dispute, it is a burden which would be unnecessary in this circumstance.
This court rejects the underwriters’ argument regarding a uniform interpretation of their insurance contract. The underwriters’ maintain that they are entitled to hear every dispute under the insurance contract in Massachusetts, rather than in the states where individual incidents may occur, so as to receive a uniform interpretation of the contract provisions. This argument fails for two primary reasons. First, as explained herein, this court finds that the policies at issue are New Jersey insurance contracts, with few ties to Massachusetts. Therefore, even if a uniform interpretation were warranted, it should be New Jersey’s uniform interpretation. New Jersey substantive law would likely govern, and New Jersey is the best forum in which to interpret New Jersey law. Secondly, the nature of professional liability policies is such that policy determinations are apt to be fact-specific to each particular dispute. Each claim under the policy will require a similar analysis as to choice of law and most suitable forum. Moreover, the choice will be between New Jersey, the contract execution forum, and the jurisdiction where a claim occurs. Unless the claim occurs in Massáchusetts, the Commonwealth will be completely detached from the controversy. This court is unwilling to declare itself the exclusive national forum for every dispute under Metcalfs professional liability insurance policies.
Additionally, the principle witnesses and documents are located in New Jersey. The relevant contracts, policies, site specifications and other documents are physically located in New Jersey and are thus relatively inaccessible in the Commonwealth. As to willing witnesses, it will be both expensive and inconvenient for them to travel to Massachusetts for a lengthy trial. More importantly, Massachusetts likely lacks the power to compel unwilling witnesses to attend the trial. For instance, many of the non-party witnesses with personal knowledge of the considerations that went into siting the landfill are located in New Jersey and may be outside the subpoena power of a Massachusetts court. Similarly, those New Jersey officials who made the determination to bring the counterclaims against Metcalf are located in New Jersey. United States Magistrate Judge Hughes, whose testimony would be material to the collusive or non-collusive nature of the settlement negotiations, would not be subject to the subpoena power of a Massachusetts court.[4] These difficulties could preclude valid defenses and sources of proof, thus harming the interests of both parties.[5]
Additionally, the underlying events in this case occurred in New Jersey. The allegedly negligent actions under the siting, design or construction con *692 tracts, the underlying lawsuits and the alleged collusive behavior during the settlement negotiations all occurred in New Jersey. The damages claimed by Warren County, which the underwriters reimbursed, are located in New Jersey. Accordingly, the public interest attached to the resolution of this dispute is in New Jersey more than in Massachusetts.
The only apparent tie to Massachusetts is that Metcalf has a regional office in this state. However, the domestic residence of parties is not decisive in requiring courts to assume jurisdiction of a dispute; the basis of inquiry, as outlined supra, is whether justice can be done as well here as in another jurisdiction. Esies, supra at 97. This court finds that it cannot. Accordingly, although great deference is to be paid to the plaintiffs’ choice of forum, the balance is strongly in favor of allowing this case to be heard in New Jersey, where there is already an action pending.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss on the basis of forum non conveniens shall be ALLOWED.

The underwriters claim that the service of suit clause should be viewed as some evidence as to the appropriate forum for this dispute. It has been clearly established that service of suit clauses are not determinative of the jurisdiction in which a dispute shall be heard, nor do such clauses bar a court from considering a plea of forum non conveniens. W.R. Grace & Co., supra at 580-81.

The court recognizes that no one factor will determine the choice of law issue in Massachusetts, but that a significant contacts standard would be applied to determine whether Massachusetts or New Jersey law should apply. Bushkin Associates, Inc. v. Raytheon Co., 393 Mass. 622, 631-32 (1985); Choate, Hall & Stewart v. SCA Servs., Inc., 378 Mass. 535, 540-41 (1979). However, as set out herein, the contacts and relationships with Massachusetts in this case are minimal at most. Accordingly, it is likely that New Jersey law would be found to apply, and it is that likelihood which the court considers as one factor of the present analysis. See W.R. Grace & Co., supra at n.7.

Although the defendant might take a video taped deposition of such unavailable witnesses, a party should not be forced to accept that frequently less persuasive method of presenting testimony.

Moreover, Metcalf asserts that the court will likely need to take a view of the landfill and competing site choices, such that a Massachusetts forum is impracticable. While this court doubts whether a view would be warranted in a trial of this dispute, the possibility is a minor factor to consider.